FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TYLER S.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,[1]<br><br>　　　　Defendant. | No. 2:20-CV-00466-JAG<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT<br>AND REMANDING FOR<br>ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 17. Attorney Dana C. Madsen represents Tyler S. (Plaintiff); Special Assistant United States Attorney Christopher J. Brackett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment;

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.    JURISDICTION

Plaintiff protectively filed an application for Disability Insurance Benefits and an application for Supplemental Security Income on October 15, 2018. Tr. 193-05, 206-15. The applications were denied initially and upon reconsideration. Tr. 130-32, 133-36, 139-41, 142-44. Administrative Law Judge (ALJ) Mary Ann Lunderman held a hearing on July 14, 2020, Tr. 33-61, and issued an unfavorable decision on August 5, 2020. Tr. 13-32. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on November 2, 2020. Tr. 1-7. Accordingly, the ALJ's August 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on December 21, 2020. ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here. Plaintiff was born in 1989 and was 29 years old on the date the application was filed and 20 years old on his date last insured. Tr. 25. He has a GED and previous employment includes work as a dietary aide and as a fast-food cashier. Tr. 43-44, 245. Records show a long history of blackouts, epileptic seizures, and non-epileptic episodes triggered by anxiety, with history of likely traumatic brain injury in a motor vehicle accident at age 10. *See e.g.*, Tr. 543, 546, 556, 561, 563-564, 565, 571, 573, 595-96, 601, 634-35, 639, 647, 654.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to

the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.     ADMINISTRATIVE FINDINGS

On August 5, 2020 the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 13-32.

At ***step one***, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through June 30, 2010 and had not engaged in substantial gainful activity since August 31, 2018 the alleged onset date. Tr. 18.

At ***step two***, the ALJ determined Plaintiff had the following severe impairments: epilepsy, attention deficit hyperactivity disorder, depression, and anxiety disorder. Tr. 19.

At ***step three***, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-20. The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a full range of work at all exertional levels, but with the following nonexertional limitations:

> Specifically, assigned work tasks must entirely preclude the climbing of ladders, ropes, and scaffolds and within the assigned work area there must be no exposure to hazards, such as unprotected bodies of water, heights, and hazardous machinery. The assigned work must be limited to simple unskilled tasks with a SVP of 1 or 2 and a reasoning level of 1 or 2, and there must be minimal change in the tasks as assigned. The assigned work must require no more than occasional intermittent work related contact with coworkers, supervisors and the public. Finally, the assigned tasks must be performed primarily independently, not as a member of a team or crew.

Tr. 20.

At *step four*, the ALJ found Plaintiff has no past relevant work. Tr. 24.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of lumber sorter and production assembler. Tr. 25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the August 31, 2018 through the date of the decision.[2] Tr. 26.

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the Commissioner erred by (1) improperly evaluating

---

[2] In the jurisdiction and procedural history section of the decision, the ALJ noted concurrent Title II and Title XVI claims, with date last insured of June 30, 2010, but indicated that she would dismiss the Title II claim as Plaintiff's alleged onset date was past the date last insured. Tr. 16. The ALJ made findings on both claims throughout the decision, however, and determined Plaintiff was not disabled on both the Title II and Title XVI claims as of an alleged onset date in August 2018 and/or as of the SSI application date in October 2018 through the date of the decision. *See* Tr. 26. Review of the record reveals the state agency indicated Plaintiff had a potential onset date as of his date last insured, June 10, 2010, due to a mental health evaluation within three months of the date. *See* Tr. 68, 75, 77, 94, 113-14. As the case is being remanded for proper consideration of the opinion evidence, upon remand the ALJ is instructed to fully adjudicate all claims that are before the ALJ.

medical opinion evidence; and (2) improperly rejecting Plaintiff's subjective complaints.

## VII.    DISCUSSION

### A.    **Medical Opinions.**

Plaintiff alleges the ALJ erred by improperly disregarding the opinions of Conrad Nievera, M.D., F. Todd Brooking, M.D., and Jeanne Paddock, LMHC, in favor of Greg Saue, M.D., and Jerry Gardner, Ph.D.  ECF No. 13 at 8-10, 18.

For claims filed on or after March 27, 2017, pursuant to the applicable regulations, the ALJ does not give any specific evidentiary weight to medical opinions or prior administrative medical findings.  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).  Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*

Supportability and consistency are explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the new regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

1. **<u>Dr. Nievera</u>**.

On July 17, 2018, Dr. Nievera completed a documentation request form for medical or disability condition for Washington State DSHS. Tr. 597-600. Dr. Nievera noted Plaintiff's diagnoses of epilepsy, and indicated this condition limited his ability to work, look for work, and prepare for work. Tr. 597. He opined Plaintiff had specific limitations including no driving, no climbing ladders or

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

working from heights, no working [around] open water or flame, no working with heavy machinery or equipment, and no overhead lifting.  *Id.*  He indicated plaintiff was unable to participate in work activity.  *Id.*  He further indicated Plaintiff was limited to sedentary lifting and carrying, and that he could lift 10 pounds maximum and frequently lift and carry such articles and files and small tools.  Tr. 598.  He indicated Plaintiff's condition was permanent.  *Id.*  Dr. Nievera indicated Plaintiff's treatment plan was the use of seizure medication and that he would be providing and monitoring the ongoing treatment plan.  *Id.*  The ALJ did not address Dr. Nievera's opinion.

    2.    ***Dr. Brooking.***

In January 2018, Dr. Brooking completed a documentation request form for medical or disability condition for Washington State DSHS.  Tr. 623-26, 631-33.  Dr. Brooking noted Plaintiff's diagnoses of seizure disorder, chronic thoracic back pain, and history of traumatic brain injury.  Tr. 623.  He opined Plaintiff's conditions limited his ability to work, look for work, and prepare for work, with specific limitations due to seizure disorder including "not operating certain equipment" and "difficulty completing multistep tasks"; he opined Plaintiff would be limited to participating in work activity 11-20 hours per week.  *Id.*  He opined Plaintiff had limitations in lifting and carrying due to chronic back pain, and that he should be limited to light work.  Tr. 624.  He further opined Plaintiff's condition was permanent and likely to limit his ability to work, look for work, or train to work.  *Id.*  Dr. Brooking indicated Plaintiff's treatment plan included being seen by neurology and that he should be referred for a vocational assessment.  Tr. 624-25.  The ALJ did not assess Dr. Brooking's opinion.

### 3. *Ms. Paddock.*

On July 16, 2018, Plaintiff's mental health provider, Ms. Paddock, completed a documentation request form for medical or disability condition for Washington State DSHS. Tr. 618-20. Ms. Paddock noted Plaintiff's diagnoses included: 1) generalized anxiety disorder; 2) major neurocognitive disorder due to traumatic brain injury; and 3) other specific neurodevelopmental disorder (seizures). Tr. 618. She indicated his conditions limited his ability to work, look for work, or prepare for work, with specific limitations in memory retention, reading and writing, following complex instructions both verbal and written, handling machinery, driving, carrying items ("dangerous if [he] has a seizure"), and that "a low stress environment [is] necessary as seizures may be triggered by stress." *Id.*

Ms. Paddock indicated Plaintiff was limited to 11 to 30 hours of participation in work activity a week. *Id.* She indicated he also had limitations in his ability to lift and carry and "he has seizures and may drop things"; she indicated he should be limited to light work. Tr. 619. She indicated his condition was permanent and likely to limit his ability to work, look for work, and train for work. *Id.* She explained "neurological testing [was] in progress including CT, MRI, and meds have recently been changed in effort to identify the impact on brain of TBI and seizures." *Id.* She noted she would be providing and monitoring his treatment plan along with his neurologist, Dr. Nievera. *Id.* Ms. Paddock also completed a similar form in January 2018. Tr. 627-29. The ALJ did not address Ms. Paddock's opinions.

### 4. **Failure to Consider Medical Opinions.**

The ALJ did not address the opinions of Plaintiff's neurologist, primary care provider, and mental health provider. Under the applicable regulations, the ALJ must evaluate medical opinions using the factors listed in 20 C.F.R. §§ 404.1520c

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

and 416.920c.  Additionally, the ALJ is required to consider "all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  Here, the ALJ erred by failing to discuss multiple disabling opinions by Plaintiff's providers as required by the regulations.  This error is not harmless.

The harmless error analysis may be applied where even a treating source's opinion is disregarded without comment.  *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).  An error is harmful unless the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).  Here, three of Plaintiff's treating providers provided disabling opinions within a few months of his alleged onset of disability.  Each provider indicated Plaintiff's limitations were permanent, their opinions were directly related to the physical and mental limitations that Plaintiff alleges prevent him from working, and each provider addressed impairments that the ALJ determined were severe.  Tr. 19.  For example, in July 2018 Plaintiff's neurologist, Dr. Nievera, indicated Plaintiff was limited to sedentary exertion and that his condition was permanent and likely to limit his ability to work, look for work, or train to work.  Tr. 597-600.  Treating providers Ms. Paddock and Dr. Brooking provided similar limitations, noted impairments the ALJ does not appear to have considered including history of traumatic brain injury, and all providers determined Plaintiff was more limited than determined by the ALJ.  *See* Tr. 597-600, 618-20, 623-26.  Accordingly, the ALJ erred by not considering these opinions and the error was harmful because a reasonable ALJ could have reached a different disability determination had these opinions been considered.

Although Defendant argues these opinions are not relevant because they were all rendered prior to Plaintiff's alleged onset date, the ALJ did not provide any such rationale, thus the Court will not consider Defendant's *post hoc*

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

rationalization. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). The ALJ failed to address these opinions at all, despite all three assessing permanent, disabling limitations, and this was harmful error.

On remand, the ALJ is instructed to consider the opinions of Dr. Nievera, Dr. Brookings, and Ms. Paddock and set forth an analysis of the consistency and supportability of these opinions, as required by the regulations. The ALJ is to incorporate the opinions into the RFC or give reasons supported by substantial evidence to reject the opinions.

5.   **_Prior Administrative Findings._**

In February 2019, the state agency mental consultant Dr. Eather opined that on Plaintiff's date last insured June 30, 2010, Plaintiff remained able to engage in both simple and more complex tasks within the average work week based on severe impairments. Tr. 71-72. Dr. Eather opined as of his Title XVI application in 2018, Plaintiff remained able to engage in both simple and more complex tasks within an average work week, and that he would do best in a work environment with limited contact with the general public. Tr. 88. Dr. Eather noted Plaintiff has difficulty dealing with the particular stressors of interacting with the public and that stress often triggers his seizures but opined that he could adapt to stable low pressure work settings. Tr. 89. In July 2019, upon reconsideration, Dr. Gardner affirmed Dr. Eather's initial limitations for Plaintiff's Title XVI claim. Tr. 107-08.

In February 2019, Dr. Saue opined there was insufficient evidence as of Plaintiff's date last insured in 2010 to evaluate Plaintiff's physical condition. Tr. 69. As for Plaintiff's 2018 Title XVI claim, Dr. Saue opined that due to seizure precautions, Plaintiff should never climb ladders, ropes, or scaffolds and should

avoid even moderate exposure to hazards. Tr. 86-87. In June 2019, Dr. Staley affirmed Dr. Saue's opinion regarding Plaintiff's Title XVI claim. Tr. 105-06.

The ALJ found the opinions of Dr. Saue and Dr. Gardner persuasive in regard to Plaintiff's Title XVI claim because they were consistent with the evidence of record and supported by treatment notes and found "their opinions regarding the Title II claim not persuasive." Tr. 23. As explained *supra*, the ALJ erred because she did not discuss relevant medical opinions from plaintiff's neurologist, primary care provider, and mental health provider. The ALJ's conclusion that the non-examining doctors' opinions are consistent with the evidence of record is therefore not supported by substantial evidence. As this claim is being remanded for further proceedings, the ALJ shall also reconsider the opinions of the state agency consultants.

B.     **Plaintiff's Subjective Complaints.**

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 13 at 15-16. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's

complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments might reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's allegations were inconsistent with the evidence of record and that his impairments improved with treatment. Tr. 23.

The ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations largely relies on the ALJ's assessment of the medical evidence. Having determined a remand is necessary to readdress the medical opinion evidence, the ALJ shall also reconsider Plaintiff's subjective symptom claims. Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## VIII. CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further

proceedings are necessary to resolve conflicts in the record, including conflicting medical opinions.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate all medical evidence of record, including all medical opinion evidence, reevaluate Plaintiff's subjective complaints, and make new findings on each of the five steps of the sequential evaluation process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

5. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 20, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE